

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-4185
Re: Whether County Superintendent
of Harris County may (1) employ
assistants under Article 2700-1,
V.A.C.S; (2) receive as travel-
ing expenses an amount not to
exceed $900 per year, under Ar-
ticle 2700-a, V.A.C.S.

We have received your letter of recent date in which you ask the opinion of this department on the above captioned question.

House Bill 364 (Acts 1941, 47th Leg., R.S. H. B. 364; Article 2700-1, V.A.C.S) is an Act fixing the salaries of elective county superintendents, providing for the employment of assistants and supervisors and fixing their compensation, and providing for office and traveling expenses of the county superintendent.

The County Superintendent of Harris County is not an elective officer, but is appointed under the terms of Article 2688b, V. A. C. S., which reads as follows:

"In all counties having a population in excess of three hundred and fifty thousand (350,000) inhabitants, according to the last available Federal census, the County Superintendent shall be appointed by the Board of County School Trustees and shall hold office for four (4) years."

His salary is set at $4,800.00 per annum by Section 1, Article 2700-a, V. A. C. S., which provides as follows:

"Sec. 1. That the salary of the Superintendent of Public Instruction in all counties in Texas having 210,000 population or more according to the last preceding Federal census, shall be from and after the passage of this act the sum of $4,800.00 (forty-eight hundred dollars) per annum and the same is fixed by this act at the (that) sum."

Harris County levies a special school tax under the terms of Article 2790-e, V.A.C.S. This Article authorizes each county having a population of 350,000 inhabitants or more, upon a vote of the qualified property taxpaying voters, to levy, assess, and collect a tax not to exceed one cent on the one hundred dollars valuation of the taxable property in the county for the purpose of creating an equalization fund for the public free schools in such county. Section 10 of Article 2790-e reads as follows:

"Sec. 10. In the event that the tax herein provided for shall be authorized by the voters of the county to which this Act applies, then the County Superintendent's salary and all expenses of maintaining his office shall be paid out of the funds realized from the collection of the tax herein provided for."

It is apparent that Article 2700-1 insofar as it fixes the salaries of elective county superintendents is not applicable to the County Superintendent of Harris County. In the first place, he is an appointive, not an elective, officer, and his salary is fixed by Article 2700-a. In the second place, the repealing clause of Article 2700-1 specifically provides "that the repealing clause shall not apply to any county that levies a special tax for the maintenance of the office of County Superintendent in whole or in part."

That part of Article 2700-1 relating to the employment of assistants reads as follows:

". . . The County Superintendent, with the approval and the confirmation of the County Board of Education, may employ a competent assistant to the County Superintendent at an annual salary not to exceed Two Thousand Dollars ($2,000) and may

Honorable T. M. Trimble, Page 3

also employ such other assistants as necessary
provided the aggregate amount of the salaries
of such other assistants shall not exceed Twelve
Hundred Dollars ($1200) annually; and the County
Board of Education may make further provisions
as it deems necessary for office and traveling
expenses of the County Superintendent; provided
that expenditures for office and traveling ex-
penses of the County Superintendent shall not
be less than Three Hundred Dollars ($300) and
not more than Eight Hundred Dollars ($800) per
annum, such expense shall first be proven by
affidavit therefor, and said Board is hereby
authorized to fix the salary of such assistants
and pay same out of the same funds from which
the salary and expenses of the County Superin-
tendent are paid."

May the County Superintendent of Harris County
employ assistants under the above quoted provision? We are
of the opinion that he may. There is just as much need for
assistants in the office of an appointive county superintendent
as there is in the office of an elective one, and even more
so where the county is a large one. That this construction
is the one intended by the Legislature is shown by the provi-
sion, ". . . said Board is hereby authorized to fix the salary
of such assistants and pay same out of the same funds from
which the salary and expenses of the County Superintendent are
paid." The salaries of the elective county superintendent
under Article 2700-1 are payable out of the State Available
School Fund. If the Legislature had meant to limit the employ-
ment of assistants under this Article to elective county super-
intendents, then it could have easily provided that the salaries
of the assistants would be payable out of the State Available
School Fund. Instead, it provided that such salaries would
be paid in the same manner and out of the same funds as the
salary of the county superintendent. Thus, where the salary
of the county superintendent is paid out of funds realized from
a special tax, then the salary of an assistant would be paid
from the same funds. Your first question is, therefore, answer-
ed in the affirmative.

Your second question deals with the traveling ex-
penses of the County Superintendent of Harris County. On June

Honorable T. M. Trimble, Page 4

19, 1940, this department rendered Opinion No. O-2441 to
Honorable L. A. Woods, State Superintendent of Public Instruc-
tion, regarding the traveling expenses of the County Super-
intendent of Harris County. The identical questions in which
you are interested were fully discussed and answered in that
opinion. We enclose a copy of such opinion for your consid-
eration.

Yours very truly

APPROVED DEC 12, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By George W. Sparks
George W. Sparks
Assistant

GWS:LM

ENCLOSURE



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN